—————o—————

No. 4111.

(Court of Appeal, Parish of Orleans.)

CHARLES BURGER vs. MRS. LOUISA M. LARMAN.

1.  When a person employs another to do certain work without any agreement as to compensation, the law implies a promise to pay for the services as much as they may deserve or merit.

2.  When, however, in a suit on a *quantum meruit* for services rendered to an invalid, it is shown not only that the relations between the plaintiff and the invalid were of a very intimate character, but that the services rendered by plain-

158

tiff were given voluntarily and without any solicitation on the part of anybody, compensation for such services will not be allowed.

Appeal from Civil District Court, Division D.

Geo. Montgomery and F. W. Sherman, for Plaintiff and Appellant.

Zengel Thomas & Suthon, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff sues to recover $200 on a quantum meriut for services rendered to an invalid at intervals during the term of his last illness extending over a period of two years.

Plaintiff avers that these services consisted of nursing, washing, bathing and attending other wants of the sick person, and washing him after his death.

The defendant in this proceeding is the residuary legatee of the deceased who has as such been sent into possession of the residuum of the estate, the deceased having left a portion of his estate to plaintiff's mother, and she for answer tenders the general issue.

The judgment of the District Court was against plaintiff, who has appealed. The record establishes that the defendant and plaintiff's mother are sisters; that Joseph Stauder, deceased, for the nursing and caring of whom plaintiff claims compensation, was an uncle by marriage of these ladies, and that the said Stauder had taken them under his roof and protection and brought them up from childhood, that Mrs. Burger, plaintiff's mother after marrying lived apart from her uncle and that the defendant continued to live with him.

Stauder, some two years before his death, suffered a paralytic stroke from which he never recovered; that from the moment of this affliction he became a subject for the care and attention required by invalids. It is further shown that the children of his nieces who called him "grandfather" and towards whom he had been uniformly kind, all rendered all the help and assistance to him that was possible. That defendant's family consisting of husband and five or six children were all in attendance on the old man when he needed attention and help, and all did the same character of work and as much if not more of it, than plaintiff.

159

The record further shews that if he was more constantly in attendance on his invalid relative it was because at some period during Stauder's illness, plaintiff was out of employment and was for that reason enabled to oftener visit and nurse the invalid. It is further shown that when employed, his visits and attendance on Stauder were less frequent. It is shown that plaintiff's services had been volunteered without any solicitation on defendant's part, in fact that the step was his own as well as his mtoher's, who, unable herself to attend her old benefactor to whom she felt grateful, had stated she would send her son to assist in her stead.

The evidence shows, that Stauder was pleased with the care and attention given him by the children of his wards, plaintiff herein, and defendant's children. This appreciation for their attention and devotion was manifested in a substantial way.

Plaintiff was at one time given a suit of clothes and was kept in cigarettes and furnished money to defray small necessary expenses of young men. Plaintiff has unquestionably shown that he gave valuable services, but these were in all probability but scant return for all the care, devotion and attention bestowed by the deceased upon the mother who gave him birth.

From our appreciation of the testimony we do not think that it ever occurred to plaintiff's mind while he cared for and watched over his mother's uncle, that he would after the latter's death claim compensation for his services.

We will not attempt to discover nor discuss here the motive which prompted the plaintiff to set up this claim. For the purposes of this opinion this is quite unnecessary.

Suffice it to say that as far as this record discloses, the deceased during his lifetime had done for plaintiff and plaintiff's mother more than they could repay and his love for them abided until his death, plaintiff's mother being remembered in his will.

Stauder left most of his estate to the defendant, the niece who had lived with and cared for him from her childhood. This was perfectly natural and no fault can reasonably be found.

As we have already said, plaintiff's services were valuable but considering his relationship to the deceased, or more properly the relationship between the deceased and his (plaintiff's)

mother, we are constrained to conclude that he did no more nor less than he was in conscience and duty bound to do and it is regrettable that the hasty action resulting in this proceeding should now stand a bar to the sweet satisfaction which should have been plaintiff's.

Plaintiff and the person nearer and dearer to him in all the world, his mother, were the recipients of Stauder's love, kindness and favor and plaintiff was but paying the debt in kind when he voluntarily hastened to the old man's bedside and endeavored to give him hope and comfort during his last days.

The judgment of the lower court is not error, and it is hereby affirmed.